# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2012

Lyle W. Cayce
Clerk

No. 11-50421
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GABRIEL IBRAHIM HERNANDEZ-RUBIO, also known as Gabriel Ibrahim
Hernandez, also known as Gabriel Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-3094-1

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gabriel Ibrahim Hernandez-Rubio (Hernandez) appeals the sentence of
two concurrent terms of 51 months of imprisonment, which was imposed
following his guilty-plea conviction to illegal reentry and improper use of
another's passport, in violation of 8 U.S.C. § 1326 and 18 U.S.C. § 1544.
According to Hernandez, his guidelines-range sentence is unreasonable because
it is greater than necessary to meet the goals of 18 U.S.C. § 3553(a). He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

contends that the Guidelines that govern illegal reentry offenses produce unreasonable sentences because they are not empirically based and result in double-counting of his criminal history.  In addition, the Guidelines fail to account for the benign nature of his offense, which he characterizes as an incomplete international trespass, and fail to consider his personal circumstances or his motive for returning to the United States, which was to earn money.  Finally, he argues that the Guidelines create unwarranted sentencing disparity by failing to account for the lack of fast-track programs in certain districts.

Hernandez's challenge to the substantive reasonableness of his sentence is reviewed under the abuse of discretion standard.  *See Gall v. United States*, 552 U.S. 38, 50-51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  Hernandez's 51-month sentence was within the guidelines range of 46 to 57 months of imprisonment and therefore is presumed to be reasonable. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).

We have rejected the argument that the presumption of reasonableness does not apply because the Guidelines that govern illegal reentry offenses are not empirically based.  *See id.* at 366-67.  Also, we have rejected the argument that a sentence is rendered unreasonable because application of the Guidelines results in double-counting of a prior criminal conviction.  *See United States v. Duarte*, 569 F.3d 528, 529-31 & n.2 (5th Cir. 2009).  Hernandez's arguments that his crime was an incomplete international trespass and that his motive for reentering the country was benign, do not rebut the appellate presumption of reasonableness.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 556-65 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Also, the unavailability of fast-track programs does not render Hernandez's guidelines-range sentence unreasonable.  *See Gomez-Herrera*, 523 F.3d at 565-66.  Finally, in Hernandez's case, the district court's sentencing decision was based upon an individualized assessment of the facts, including Hernandez's

background, personal characteristics, and his arguments for leniency, and the sentencing determination was made after consideration of the § 3553(a) factors. *See Gall*, 552 U.S. at 49-51.

Thus, Hernandez has not demonstrated that his sentence fails to take into account a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009). He has therefore failed to rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See id.*

The district court's judgment is AFFIRMED. The Government's motion for summary affirmance is DENIED. *See United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006). However, because Hernandez has not rebutted the presumption of reasonableness that attaches to his below-guidelines sentence, further briefing is unnecessary. Accordingly, the Government's alternative request for an extension of time to file a brief is DENIED.